# United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | Manuel Barbosa | CASE NO. | 08-B-29463 |
|---|---|---|---|
| DATE | March 10, 2011 | ADVERSARY NO. | 09-A-00320 |
| CASE TITLE | Christopher Kouzios, Debtors<br><br>Charles J. Myler, Plaintiff<br><br>v.<br><br>Raj Rai, Defendant. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, judgment is entered in favor of the Defendant Raj Rai.

■ [ For further details see text below.]

## MEMORANDUM DECISION

### 1. The Claim against Defendant Raj Rai

In this adversary proceeding, the Trustee asserts the Debtor's claim for unpaid prepetition wages and expenses against Senticore Holdings, LLC ("Senticore") and Raj Rai. The Debtor was a member and/or employee of Senticore, and Raj Rai was a key officer and shareholder of Senticore. The Trustee is seeking $116,611.84 in unpaid salary and $16,026.18 in unpaid expenses which accrued prepetition during 2007 and 2008. The Trustee has already obtained a default judgment against Senticore, but the company appears to be defunct, which leaves it questionable how much the estate will be able to collect from the company.

1 of 4

The Trustee contends that Raj Rai is personally liable for the unpaid wages of the company under the Illinois Wage Payment and Collection Act. 820 ILCS 115/1-1 et seq (the "Wage Act"). Section 13 of the Wage Act makes the "officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this act" liable for such violation. The Court held an evidentiary hearing on November 18, 2010, at which the parties disputed whether the Debtor was an "employee" of Senticore, and whether Mr. Rai had sufficient control of the day-to-day functions of the company that he "knowingly permitted" the company to "willfully refuse to pay wages."

However, the Court need not address such issues, since the Trustee's case has a larger problem. The Trustee has failed to present evidence demonstrating that the Illinois statute even applies to Raj Rai or Senticore. Illinois courts have held that "an Illinois resident does not have a cause of action against an out-of-state employer under the Wage Act." Khan v. Van Remmen, Inc., 325 Ill. App. 3d 49, 756 N.E.2d 902 (Ill. App. Ct. 2001). Section 1 of the Illinois Wage Act provides that "[t]his Act applies to all employers and employees in this State, including employees of units of local government and school districts, but excepting employees of the State or Federal governments." 820 ILCS 115/1. The Illinois court in Khan agreed with the reasoning of the Northern District of Illinois and the Seventh Circuit of Appeals in Glass v. Kemper Corp., 920 F. Supp. 928 (N.D. Ill. 1996), 133 F.3d 999 (7th Cir. 1998), that by the plain language of the statute, as supplemented by the purpose and other provisions of the act, the Wage Act applies only where *both* the employer *and* the employee are in Illinois. Khan at 61. In particular, the court noted that "applying the Wage Act to nonresident employers would constitute extraterritorial enforcement of an Illinois statute, thus violating the rule that an Illinois statute has no extraterritorial force and is operative only as to persons or things within Illinois." Id. (citing Wimmer v. Koenigseder, 108 Ill. 2d 435, 441, 484 N.E.2d 1088 (1985)). In this case even if the Debtor was an Illinois citizen, it is undisputed that Mr. Rai was a Louisiana citizen and Senticore was a Louisiana company. The Court need not consider how many contacts might be necessary for an employer to constitute an "Illinois employer" for purposes of the statute in a borderline case, since this is not a borderline case. cf. Musso v. Excellence in Motivation, Inc., 2010 WL 3385452 (N.D. Ill. Aug. 24, 2010) (noting that caselaw has not resolved "whether a corporation that, although a foreign citizen, not only conducts substantial business in Illinois, but also maintains offices and a registered agent in the state, is an 'Illinois employer' for purposes of the statute"). Here it was clear that Senticore was an out-of-state employer. The company was organized in Lousiana. The Trustee admits in his Proposed Findings of Fact and Conclusions of Law that the "business was located in Hammond, Louisiana where Raj Rai lived" and that the company's bank account "was with Central Progressive Bank, Hammond, LA." (Trustee's Proposed Findings of Fact & Conclusions of Law 1-2). No evidence was presented that the company had any offices, registered agent or any business contacts in Illinois other than that the Debtor and certain other employees conducted some of their work from home in Illinois. The court in Khan made clear that the fact that the employee lives or works in Illinois is not sufficient to make the employer an in-state employer for purposes of the statute. Even if there were some argument that the company was an Illinois employer, there is no argument that Mr. Rai was an Illinois employer. It was undisputed that Mr. Rai lived and resided in Louisiana, and there was no evidence presented that Mr. Rai had ever even stepped foot in Illinois during the timeframe in question. In DeGeer v. Gillis, 707 F. Supp. 2d 784 (N.D. Ill. Apr. 21, 2010), the district court for the Northern District of Illinois dismissed a Wage Act claim brought against non-resident partners of an Illinois company. The court rejected the plaintiff's argument that

since the defendants were "agents" of "in-state employers," they could be liable under the act. Id at 800 ("Several courts have entertained this argument and have consistently rejected it.") (collecting cases).

Therefore, the Plaintiff has failed to present evidence that the Illinois Wage Act applies, and has offered no other theory by which Mr. Rai would be directly liable for the wages and expenses owed the Debtor. The evidence presented all showed that the Debtor was employed by Senticore or was a member of Senticore. Senticore was a registered limited liability company with multiple members and the Trustee has offered no argument that Senticore was an alter ego of Mr. Rai or that the corporate veil should be pierced. Therefore, the Court will enter judgment in favor of Mr. Rai on the claim against him.

2.    **Referral to the United States Attorney**

While the disposition of the case is simple, the Court is issuing a written opinion because of another concern that arose during the course of this litigation. During the evidentiary hearing on November 18, 2010, a dispute arose over conflicting versions of an employment offer presented by the parties. At trial, Mr. Rai tried to present evidence to show that the Debtor, Mr. Kouzious, was in charge of the 'day-to-day' operations of Senticore, and that Mr. Rai's managerial involvement in the company was limited. If the Illinois Wage Act had applied, this would have been a key issue, since the Illinois Wage Act makes officers and agents liable only if the officer or agent "actively asserted substantial control over the management and financial affairs of the corporation" and "knowingly permit[ted] the employer to violate [the Wage Act]." 820 ILCS 115/13; Ill. Admin. Code tit. 56, §300.620. A key piece of evidence that Mr. Rai presented at trial on this issue was a copy of a job offer letter from Senticore to Thomas Banaski that purported to be from the Debtor, Mr. Kouzious, and therefore made it look like Mr. Kouzious was in charge of hiring and supervising at the company. The Trustee presented as evidence a copy of a nearly identical letter, except that it purported to be from Mr. Rai instead of Mr. Kouzious. Most damaging to the Trustee's case was that the copy of the letter presented by Mr. Rai was counter-signed by Mr. Banaski, while the one presented by the Trustee was not. Mr. Banaski testified that he did not sign the copy presented by Mr. Rai. Mr. Banaski testified that he made a practice of scanning important documents, and somewhat surprisingly, during a recess in the trial was able to retrieve a computer mini-drive from his car which contained a copy of the job offer letter that he countersigned. He was able to print out a copy at the courthouse, and it was the Trustee's version, purporting to be from Mr. Rai, but was counter-signed by Mr. Banaski, and had a fax transmission cover sheet with a note Mr. Banaski had written to Mr. Rai at the time he sent the fax.

On November 24, 2010, Mr. Rai's attorney, Joseph Voiland, filed a motion to withdraw as attorney, as well as a "Notice to Spread of Record" pursuant to the Illinois Professional Rules of Conduct § 3.3(a)(4). In it, he stated that, subsequent to trial, he came to learn that the version of the job offer letter he presented at trial as evidence at trial was falsified. He learned that the signature line had been changed from "Rajeeve Rai, CEO, Senticore Holdings, LLC" to "Christopher J. Kouzios," and a sentence stating "Your immediate supervisor will be Rajeeve Rai, CEO" had been deleted. Mr. Voiland practices regularly in front of this Court, and I have no doubts about his moral character. Mr. Voiland did not specifically allege that the document had been altered by

Mr. Rai, but the implication was clear enough to raise concerns that Mr. Rai might have committed perjury or knowingly presented false evidence before the Court. Therefore, I am forwarding a copy of this opinion to the United States Attorney's office for the Northern District of Illinois. I leave it to the United States Attorney's office to determine whether they wish to investigate the matter further.[1]

The foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

March 10, 2011

Judge Manuel Barbosa

---

[1] I make no holding at this time whether perjury by a non-debtor defendant in an adversary proceeding which "relates to" a case under title 11 but does not "arise under" title 9 triggers the mandatory referral and mandatory investigation provisions in 18 U.S.C. § 3057. If the United States Attorney's office believes that it does, it can send its report to the undersigned judge.